UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPIA TECHNOLOGY, INC., <br> Plaintiff, <br> v. <br> DROPBOX INC., <br> Defendant. | Case No. 23-CV-00062-JSC <br><br> **ORDER TO STAY PENDING IPR** |
| TOPIA TECHNOLOGY, INC., <br> Plaintiff, <br> v. <br> BOX INC., <br> Defendant. | Case No. 23-CV-00063-JSC <br> Re: Case No. 23-cv-62 Dkt. Nos. 122, 128, 129; Case No. 23-cv-63 Dkt. Nos. 113, 122, 123 |

Topia alleges Dropbox and Box infringe six of Topia's patents: U.S. Patent Nos. 9,143,561 ('561 patent), 10,067,942 ('942 patent), 10,289,607 ('607 patent), 10,642,787 ('787 patent), 10,754,823 ('823 patent), and 11,003,622 ('622 patent) (collectively, "asserted patents"). (Case No. 23-CV-62 Dkt. No. 45 ¶¶ 20-309; Case No. 23-CV-63 Dkt. No. 48 ¶¶ 20-270.)[1] Defendants' motion to stay pending *inter partes* review is now pending before the Court. (Dkt. No. 122.)[2] After carefully considering the parties' pleadings, and having had the benefit of oral argument on May 11, 2023, the Court GRANTS Defendants' motion to stay.

## BACKGROUND

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Both cases share nearly identical procedural histories and briefing. Unless otherwise specified, the Court cites only to Case No. 23-cv-62 for purposes of brevity. This Order applies to both cases.

1  I.  **Complaint Allegations**

Topia accuses Dropbox's products, including Professional, Dropbox Standard and Dropbox Advanced for businesses and Dropbox Plus and Dropbox Family for individuals, of infringing all asserted patents. (Dkt. No. 45 at ¶¶ 27, 90, 134, 182, 228, 273.) Topia accuses Box's products, including Box Sync and Box Drive, of infringing all asserted patents. (Case No. 23-CV-63, Dkt. No. 48 at ¶¶ 27, 79, 119, 158, 199, 239.)

The six asserted patents generally describe and claim systems and methods for automatically sharing electronic files among multiple devices. *See, e.g.*, '561 patent, col. 1 ll. 16-18, claims 1, 8. Four asserted patents are entitled "Architecture for Management of Digital Files Across Distributed Network." '561 patent; '942 patent; '607 patent; '622 patent. The remaining two patents are entitled "Pre-file-transfer update based on prioritized metadata" and "Pre-file-transfer availability indication based on prioritized metadata." '787 patent; '823 patent. The asserted patents are all in the same family and related as follows:



'561 patent; '942 patent; '607 patent; '622 patent; '787 patent; '823 patent. All asserted patents share an identical specification.

II.  **Procedural Background**

Topia sued Defendants in the Western District of Texas in December 2021 and served Defendants on January 5, 2022. (Dkt. Nos. 1, 6.) Defendants moved to transfer to the Northern District of California in July 2022. (Dkt. No. 43.) While the motion to transfer was pending, the parties completed claim construction briefing. (Dkt. Nos. 44, 49, 51, 56, 57.) The Texas court set a Markman hearing for January 4, 2023. (Dkt. No. 52.) On January 3, 2023, the Texas court canceled the Markman hearing, and a few days later granted Defendants' motion and transferred the cases to this District. (Dkt. Nos. 72, 74-75.)

The Court held an initial case management conference on March 9, 2023. (Dkt. No. 117.) Defendants proposed either: (1) to conduct a Markman hearing based on the Western District of Texas claim construction briefing with Topia bound by Northern District of California Patent Local Rule 3-6 on contention amendment; or (2) to update contentions to comply with Northern District of California Patent Local Rules and file new claim construction briefing based on updated contentions. (Dkt. No. 111 at 8-9, 14.) Topia proposed the parties conduct a Markman hearing based on the Western District of Texas claim construction briefings and, following claim construction, the parties exchange new contentions compliant with the Northern District of California Patent Local Rules. (Dkt. No. 111 at 8-9, 14.) The Court rejected Topia's proposal and instead offered to schedule a Markman hearing for April 13, 2023, if Topia would stipulate to Defendants' first proposal. (Dkt. No. 117.) At the subsequent case management conference on March 16, 2023, Topia declined Defendants' first proposal. (Dkt. No. 118 at 2-3, 6.) Instead, the parties agreed to re-do contentions in compliance with Northern District of California Patent Local Rules with claim construction following contention exchange. (Dkt. No. 118 at 6.) The Court adopted the parties' proposed schedule and set a case management conference for June 21, 2023, after the parties exchange terms for construction. (*See*, *e.g.*, Case No. 23-CV-62 Dkt. No. 123.)

In the meantime, the asserted patents were at issue in other jurisdictions. First, a third party challenged the '942 patent at the Patent and Trademark Office (PTO) in an *inter partes* review (IPR) proceeding. *See Unified Pats., LLC v. Topia Tech., Inc.*, IPR No. 2022-00782, Dkt. No. 1 (P.T.A.B. Apr. 15, 2022) (*Petition*). The Patent Trial and Appeal Board (PTAB) instituted the petition on November 17, 2022. *See Unified Pats., LLC*, IPR No. 2022-00782, Dkt. No. 1031,

3

at 2 (*Institution Decision*). Second, at the beginning of this year, Defendants filed IPR petitions against all asserted patents.[3] The PTAB will issue an institution decision by August 2023.[4] Lastly, Topia sued Egnyte, Inc. for infringement of the asserted patents in the District of Delaware. *See Topia Tech., Inc. v. Egnyte, Inc.*, No. 21-CV-01821 CJB (D. Del. filed Dec. 27, 2021). The Delaware court tentatively found all claims of two asserted patents, the '561 patent and the '942 patent, invalid under 35 U.S.C. § 101. *See Topia Tech., Inc.*, No. 21-CV-01821 CJB, Dkt. No. 68 at 191-212 (D. Del. Jan. 4, 2023). The Delaware court subsequently denied Egnyte's motion to stay pending IPRs on the remaining patents. (Dkt. No. 128-6 at 49-55.)

**DISCUSSION**

**I.   Motion to Stay**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In particular, a "district court has inherent power to stay proceedings pending resolution of parallel actions in other courts." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citing *Landis*, 299 U.S. at 254). The inherent power to stay includes "the authority to order a stay pending conclusion of a PTO reexamination."[5] *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation

---

[3] *See Box, Inc. v. Topia Tech., Inc.*, IPR No. 2023-00433, Dkt. No. 3 (P.T.A.B. Jan. 4, 2023) (*Petition*); *Box, Inc. v. Topia Tech., Inc.*, IPR No. 2023-00432, Dkt. No. 3 (P.T.A.B. Jan. 4, 2023) (*Petition*); *Box, Inc. v. Topia Tech., Inc.*, IPR No. 2023-00431, Dkt. No. 3 (P.T.A.B. Jan. 4, 2023) (*Petition*); *Box, Inc. v. Topia Tech., Inc.*, IPR No. 2023-00430, Dkt. No. 3 (P.T.A.B. Jan. 5, 2023) (*Petition*); *Box, Inc. v. Topia Tech., Inc.*, IPR No. 2023-00429, Dkt. No. 3 (P.T.A.B. Jan. 5, 2023) (*Petition*); *Box, Inc. v. Topia Tech., Inc.*, IPR No. 2023-00427, Dkt. No. 3 (P.T.A.B. Jan. 4, 2023) (*Petition*).

[4] The PTAB will issue an institution decision "within 3 months after—(1) receiving a preliminary response to the petition under section 313; or (2) if no such preliminary response is filed, the last date on which such response may be filed." 35 U.S.C.A. § 314(b). If the patent owner chooses to file a preliminary response, they must do so "no later than three months after the date of a notice indicating that the request to institute an inter partes review has been granted a filing date." 37 C.F.R. § 42.107(b); 35 U.S.C.A. § 313. Here, the PTAB must issue an institution decision for at least the '942 patent IPR by August 2023 because the PTAB mailed notice on February 9, 2023. *See Box, Inc. v. Topia Tech., Inc.*, IPR No. 2023-00433, Dkt. No. 6 (P.T.A.B. Feb. 13, 2023) (*Notice of Filing Date*).

[5] PTO reexaminations allow the PTO "to reconsider and cancel patent claims that were wrongly issued." *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1370-71

omitted). "The America Invents Act replaced inter partes reexamination with inter partes review." *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1371 (2018). As with stays pending reexamination proceedings, courts have no obligation to stay a case pending completion of an IPR proceeding.[6] *See Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

In deciding whether to stay a case, courts must "weigh [the] competing interests" of "economy of time and effort for itself, for counsel, and for litigants" and "maintain an even balance." *Landis*, 299 U.S. at 254-55; *see also Ultratec, Inc. v. CaptionCall, LLC*, 611 F. App'x 720, 721 (Fed. Cir. 2015) (quoting *Landis* in reviewing a stay pending IPR). The Ninth Circuit instructs courts to weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Sarkar v. Garland*, 39 F.4th 611, 617–18 (9th Cir. 2022) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

To guide this balancing exercise, district courts consider: "(1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court." *Oyster Optics, LLC v. Ciena*

---

(2018). One type of PTO reexamination, *inter partes* reexamination, permitted "any person [to] file a request for reexamination." *Id.* at 1371.

[6] Caselaw on stays for PTO reexamination applies to stays for IPR proceedings. *See Oil States Energy Servs., LLC*, 138 S. Ct. at 1370-71 ("The America Invents Act replaced inter partes reexamination with inter partes review."); *see also CANVS Corp. v. United States*, 118 Fed. Cl. 587, 591 n.5 (2014) ("Although inter partes review is a new means to challenge patent validity, the same general principles that governed stays pending the old inter partes reexamination process should apply with equal force to stays pending the new inter partes review."); *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 WL 3107447, at *3 (N.D. Cal. July 3, 2014) ("While these cases discuss the framework applicable to motions to stay pending reexamination, district courts in the Ninth Circuit have applied the same framework to motions to stay pending IPR").

*Corp.*, No. 20-CV-02354 JSW, 2021 WL 4027370, at *1 (N.D. Cal. Apr. 22, 2021). Each factor favors a stay here.

### A. Stage of Case

"A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery." *Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, No. 17-CV-07289 LHK, 2018 WL 4859167, at *1 (N.D. Cal. Sept. 28, 2018) (citation and quotation marks omitted). "An early stay may save the parties and the Court from unnecessarily expending significant resources. A stay later in the proceedings will likely produce less benefit and increase the possibility of prejudice." *Largan Precision Co. v. Motorola Mobility LLC.*, No. 21-CV-09138-JSW, 2022 WL 2954935, at *4 (N.D. Cal. July 26, 2022). Factors indicating the stage of the case include: "(1) whether parties have engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction order; and (3) whether the court has set a trial date." *Id.*; *see also PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025-26 (N.D. Cal. 2014) (collecting cases).

The stage of case factor favors granting a stay. The parties have not engaged in substantial discovery or dispositive motion practice, the Court has not issued a claim construction order, and the Court has not set a trial date. Defendants have not moved to dismiss Topia's complaint; neither party has moved for summary judgement. *Compare PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13-CV-01356 EJD, 2014 WL 116340, at *4 (N.D. Cal. Jan. 13, 2014) (finding this factor favors a stay, in part, when "the parties have yet to engage in the significant and costly work of conducting expert discovery and preparing summary judgment motions") *with* (Dkt. No. 128-6 at 49-55 (*Egnyte* court denying motion to stay, in part, because "nearly all of document-related fact discovery has occurred" and "at the defendant's invitation, [the court] invested a significant amount of time in the early section 101 motions process.")). And the Court offered to move forward with a Markman hearing promptly, but Topia declined. (Case No. 23-CV-62 Dkt. No. 117; Case No. 23-CV-62 Dkt. No. 118 at 2-3, 6.) Instead, the parties agreed to re-start contention exchange, followed by new claim construction briefing according to this District's Patent Local Rules. (Dkt. No. 118 at 6.) *See* Patent L.R. 4. Thus, the parties have not initiated

6

claim construction briefing, let alone completed a Markman hearing or received a claim construction ruling. *See Elekta Ltd. v. ZAP Surgical Sys., Inc.*, No. 19-CV-02269 JSW, 2019 WL 9100404, at *2 (N.D. Cal. Nov. 8, 2019) (finding this factor favors a stay when "[c]laim[] construction briefing has not yet been filed and the case has not yet been set for trial").

Topia's contrary arguments are unpersuasive. Although Topia initiated this case over 15 months ago, case progress, not length of case pendency is relevant to this factor. *See, e.g.*, *Apple Inc.*, 69 F. Supp. 3d at 1024-27 (granting motion to stay pending IPR in September 2014 when the plaintiff filed the case in September 2012 and, prior to transfer to the Northern District of California, an Eastern District of Texas judge issued a claim construction order). Even assuming the 15-month pendency is relevant, the delay stems primarily from Topia's own decisions. Topia, a Washington company, chose to sue Dropbox and Box, Delaware companies with headquarters in San Francisco, California and Redwood City, California, respectively, in Texas. (*See* Dkt. No. 45 ¶ 2; Case No. 23-CV-63 Dkt. No. 57 ¶ 3.) As discussed above, the Court offered Topia the opportunity to move forward with a Markman hearing based on claim construction briefings from the Western District of Texas. (Dkt. No. 118.) But Topia declined. (*Id.*)

In sum, this case is at a preliminary stage. That early litigation stage favors a stay because the Court and parties may conserve resources on issues the PTAB proceeding may inform, decide, or moot.

### B. IPR Proceedings Will Likely Simplify Issues

A stay is also appropriate when a PTO proceeding "would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998). Even when claims survive an IPR proceeding, the proceeding can "facilitate trial by providing the Court with expert opinion of the PTO and clarifying the scope of the claims." *Largan Precision Co.*, 2022 WL 2954935, at *2 (citation omitted); *see also Ultratec, Inc.*, 611 F. App'x at 722 ("[G]uidance from related PTO proceedings can play a critical role in determining whether to stay proceedings"). Additionally, estoppel narrows invalidity arguments petitioners can bring in subsequent proceedings:

7

> The petitioner in an inter partes review of a claim in a patent under this chapter <u>that results in a final written decision</u> under section 318(a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 that the <u>claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review</u>.

35 U.S.C.A. § 315(e)(2) (emphasis added). This factor favors granting a stay.

The PTAB is likely to institute some or all of Defendant's IPR petitions. The PTAB instituted 56 to 67% of all IPR petitions in 2018 to 2022. *See* U.S. PAT. & TRADEMARK OFF., FY22 END OF YEAR OUTCOME ROUNDUP 8, https://www.uspto.gov/sites/default/files/documents/ptab__aia_fy2022_roundup.pdf. In 2022, the PTAB held 26% of challenged claims and 53% of instituted claims unpatentable. *See id.* at 14; *see also Barbaro Techs., LLC v. Niantic, Inc.*, No. 18-CV-02955 RS, 2019 WL 13232979, at *2 (N.D. Cal. Apr. 24, 2019) ("While it is difficult to predict the PTAB's behavior in any given case, the available statistical evidence showing a substantial likelihood that some claims will be invalidated militates in favor of a stay."). Moreover, the PTAB already instituted an IPR challenging all asserted claims in the '942 patent. *See Unified Pats., LLC*, IPR No. 2022-00782, Dkt. No. 1031, at 2. The claims in the other asserted patents may have some overlap in scope with the '942 claims because all patents share the same specification. *See* '561 patent; '942 patent; '607 patent; '622 patent; '787 patent; '823 patent; *see also Indivior Inc. v. Dr. Reddy's Lab'ys, S.A.*, 752 F. App'x 1024, 1034-35 (Fed. Cir. 2018) (holding, in the context of claim preclusion, a shared specification suggests overlap in claim scope). For example, the claim scope of two asserted patents appears to overlap based on claim 1 from each:

| '942 patent claim 1 | '561 patent claim 1 |
|---|---|
| 1. A system comprising:<br><br>a first electronic device, associated with a user, configured to:<br><br>receive, via a first application at the first electronic device, a copy of a modified first electronic file from a second application | 1. A system, comprising:<br><br>a first electronic device configured to selectively execute a first application, the first electronic device being in communication with a second electronic device and a third electronic device, each associated with a user |

| | |
|---|---|
| at a second electronic device associated with the user, wherein the modified first electronic file copy is automatically received from the second application responsive to the user modifying a content of the first electronic file… | wherein the first electronic device is configured to:<br><br>receive from a second application executable on the second electronic device a copy of a first electronic file automatically transferred from the second application when the user modifies a content of the first electronic file… |

'942 patent claim 1; '561 patent claim 1. Thus, the PTAB's institution of review of the '942 patent suggests institution is more likely for the other similar patents asserted in this case.

Given the likelihood of institution, judicial economy favors a stay here. If the PTAB institutes Defendants' petitions and invalidates all claims, Topia's claims may be mooted. *See, e.g.*, *Oyster Optics, LLC*, 2018 WL 6972999, at *2 (finding the defendant's challenge of "every claim of the patent in suit" would "dispose of this case in its entirety" and favored granting a stay prior to institution). Even if the PTAB institutes or invalidates less than all asserted claims, those proceedings will still benefit this case. First, the PTAB proceeding will likely simplify the scope of this case. *See Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015) ("Were the Court to deny the stay until a decision on institution is made, the parties and the Court would expend significant resources on issues that could eventually be mooted by the IPR decision."); *see also Largan Precision Co.*, 2022 WL 2954935, at *2 ("Even if a decision does not moot those patents entirely, it will clarify, and potentially significantly reduce, the scope of litigation."). The PTAB may reduce the number of relevant patents and claims. *See id.* And those proceedings may also limit the arguments Defendants may raise here. *See* 35 U.S.C.A. § 315(e)(2) (precluding a "petitioner in an inter partes review of a claim in a patent" from raising "any ground that the petitioner raised or reasonably could have raised during that inter partes review" in "a civil action arising in whole or in part under section 1338 of title 28" if the PTAB issues "a final written decision"). Second, a stay will prevent inconsistent results with the PTAB. For example, "statements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be considered for claim construction and relied upon to support a finding of prosecution disclaimer." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed.

Cir. 2017). Because claims in different asserted patents share similar language, the record from one IPR's institution may affect claim construction in another patent. *See, e.g.*, '942 patent claim 1; '561 patent claim 1. Thus, both efficiency and consistency interests justify a stay here.

Topia's insistence that IPR proceedings will not simplify this case is unpersuasive. First, Topia argues institution of all petitions is statistically unlikely. But, Topia's statistical arguments assume each patent is wholly independent of each other, an assumption not grounded in the patents' language.[7] And, institution of even one IPR petition will likely simplify the case. *See Anza Tech., Inc.*, 2018 WL 4859167, at *2 ("The standard is simplification of the district court case, not complete elimination of it by the PTAB."). Second, Topia argues Defendants will rely on the same 35 U.S.C. § 103 arguments in this case as in their IPR. But, that overlap cuts against Topia's argument. If the PTAB institutes and issues final written decisions, Defendants may not raise the same § 103 arguments in this case. *See* 35 U.S.C.A. § 315(e)(2). Indeed, Defendants stipulated they "will not pursue invalidity in litigation based on any *instituted* ground raised" in all six IPR petitions. *See, e.g., Box, Inc.*, IPR No. 2023-00427, Dkt. No. 3 at 6 (emphasis added). So, § 103 proceedings in this Court prior to IPR decisions are likely to be duplicative. Lastly, Topia points to a third party's recent IPR petition abandonment as evidence of uncertainty an IPR proceeding will continue to completion. But Topia cites no evidence of abandonment here.

In sum, because the IPR proceedings are likely to conserve resources and inform the Court, this factor favors a stay.

### C. Minimal Prejudice to Topia

This factor considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Apple Inc.*, 69 F. Supp. 3d at 1029.

Topia insists a stay will unduly prejudice them because: (1) it will permit Defendants' products to continue to infringe on Topia's market share; (2) it will delay relief in this case and continue Defendants' delay tactics; and (3) it will risk loss of evidence. All three arguments fail to demonstrate undue prejudice.

---

[7] Topia arrives at 9% probability of institution by raising the institution probability of each patent (67%) to the power of six (i.e., the number of patents Defendants challenged).

### 1. Competition

"[C]ompetition between parties can weigh in favor of finding undue prejudice." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (in the context of a stay pending a covered business method patent review by the PTO). But, "absent a showing that the parties are direct competitors and that the plaintiff's competitive position would be prejudiced by a stay, courts generally find that a plaintiff 'does not risk irreparable harm by [the defendant's] continued use of the accused technology and can be fully restored to the status quo ante with monetary relief.'" *Finjan, Inc.*, 139 F. Supp. 3d at 1038 (citation omitted).

Topia's competitor argument fails. Topia does not submit any evidence that it has any currently available product(s). At most, Topia offered two products in the early 2000s which may have competed with Defendants' products. (Dkt. No. 127-4 at 2.) Even assuming Topia continues to market these two products, Topia provides no evidence these products practice any of the asserted claims or that Defendants' continued market presence during a short stay will harm their market. *See Finjan, Inc.*, 139 F. Supp. 3d at 1037-38 (explaining courts require "evidence to substantiate an argument that direct competition will result in prejudice to the non-moving party" and finding no prejudice when non-movant made no "representation that its mobile security product practices any of the inventions in the asserted patents" and offered only "attorney argument to establish that…the stay would result in undue prejudice to [non-movant's] competitive position") (citation omitted). Topia, relying only on attorney argument, merely speculates they could expand their offerings in Defendants' absence because "in the day of Amazon Web Services, and ever improving connectivity via 5G, coax, fiber, and low earth orbit satellites, strongly needed products like Topia's can easily scale to become billion dollar businesses almost overnight." (Dkt. No. 128 at 7-8.) That argument is too speculative to preclude a stay.

Finally, assuming Topia currently offers a competing product that practices the asserted claims, this argument carries less weight for two reasons. First, Topia has not sought a preliminary injunction. *See Ultratec, Inc.*, 611 F. App'x at 722-23 (affirming a stay pending IPR despite the plaintiff's competing product because the court "could reasonably have concluded, in

11

light of the evidence, that the force behind this argument is diminished [in part] by…the fact that at no time prior to the jury's verdict did Petitioners seek to enjoin Respondents from the market"); *see also Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876 RS, 2015 WL 13727876, at *4 (N.D. Cal. Mar. 30, 2015) ("More importantly, KSEA's conduct in this litigation suggests that its claims of immeasurable competitive injury may be overstated. KSEA did not seek a preliminary injunction or pursue an expedited trial schedule in this case."). Second, Topia offered to license the asserted patents to Defendants. (Dkt. No. 129-1 at 2; Dkt. No. 129-2 at 2.) *See Largan Precision Co.*, 2022 WL 2954935, at *4 (holding "the fact that [the patent owner] is willing to license its patents weakens its claim of undue prejudice because it suggests that it could later be made whole by monetary damages").

### 2. Delay

Topia argues a stay will cause irreparable harm by (1) prolonging this case's resolution and resolution of the case against Defendants' customers and (2) contributing to Defendants' delay tactics. Both arguments are unpersuasive.

First, although a stay will delay this case's resolution, such harm is inherent to any stay and does not, alone, constitute undue prejudice. *See, e.g.*, *Facebook, Inc.*, 2014 WL 116340, at *5 ("Courts have long acknowledged that a delay inherent to a stay does not, in and of itself, constitute prejudice."); *Apple Inc.*, 69 F. Supp. 3d at 1029 ("Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay."); *Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. 09-CV-1635 SBA, 2009 WL 3078463, at *3 (N.D. Cal. Sept. 28, 2009) (explaining prejudice from delay "applies equally to any case where reexamination is sought" so "courts have found that 'delay inherent in the reexamination process does not constitute, by itself, undue prejudice'").

Second, Topia insists Defendants filed the IPR after a long delay to further stall this litigation. But it is uncontested Defendants filed IPR petitions within the statutory deadline, *see* 35 U.S.C.A. § 315(b) ("An inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent."). (Dkt. No.

128 at 6.) Topia provides no specific reason why an IPR filing date within the statute of limitations represents an unreasonable delay. *See SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-CV-06441 JST, 2015 WL 66415, at *3 (N.D. Cal. Jan. 5, 2015) ("Delay alone [within the statutory deadline] does not usually constitute undue prejudice because parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework.") (quotation marks and citation omitted); *Oyster Optics, LLC*, 2021 WL 4027370, at *3 (explaining the defendant "could have acted more diligently" in filing their IPR petition, but, because they "filed the motion [to stay] promptly after filing the IPR," their IPR filing delay "shows a desire to address each patent rather than gamesmanship or tactical delay").

Finally, the potential stay length mitigates harm. The PTAB will issue an institution decision in about four months. If the PTAB declines institution, the case will resume. If the PTAB institutes the petitions, at least one claim within the patents is likely invalid, further justifying a stay. *See* 35 U.S.C.A. § 314(a) (Director must determine the filings show "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition" to institute an IPR petition).

### 3. Loss of Evidence

Topia's final "evidence loss" argument is also unpersuasive. Loss of evidence due to a stay may demonstrate undue prejudice to the non-moving party. *See, e.g.*, *Facebook, Inc.*, 2014 WL 116340, at *5. But Topia fails to identify particular witnesses or key evidence at risk of being "lost forever." (Dkt. No. 128 at 10.) *See, e.g.*, *Facebook, Inc.*, 2014 WL 116340, at *5 (finding the plaintiff's failure to "point to any specific evidence or witnesses that may become stale or unavailable during the stay period" insufficient to show undue prejudice); *Apple Inc.*, 69 F. Supp. 3d at 1029 (finding "generalized harm such as the potential loss of evidence and availability of witnesses" insufficient to demonstrate undue prejudice); *NantWorks, LLC v. Niantic, Inc.*, No. 20-CV-06262 LB, 2021 WL 3473934, at *2 (N.D. Cal. July 15, 2021) (holding "speculation about the prejudice from disappearing evidence and deteriorating witness memories is insufficient to establish undue prejudice"). Absent more specific concerns, "loss of evidence" is not a reason to decline to stay.

### D. The *Egnyte* Case

Finally, Topia urges the Court to decline to stay this case because a court in a parallel patent infringement proceeding where Topia is asserting the same patents against a third-party recently declined to stay that case pending IPR review. The district court denied the *Egnyte* defendant's motion to stay because, unlike this case, neither the simplification factor nor the stage of the case factor favored a stay. (Dkt. No. 128-6 at 49-55.) The *Egnyte* case does not persuade the Court to deny the motion to stay.

First, unlike in *Egnyte*, the IPR proceedings may simplify this case. For example, statutory estoppel from IPR proceedings would not have limited arguments before the *Egnyte* court because the *Egnyte* defendants are not petitioners on any of the pending IPRs. (Dkt. No. 128-6 at 51 ("[T]he IPRs at issue are being pursued by *third parties*, [so] the potential for an estoppel effect as to defendant's invalidity case, were the IPRs to move forward post institution is much reduced.") (emphasis added).) In contrast, Defendants are petitioners in IPR and are therefore subject to the benefit of statutory estoppel, 35 U.S.C.A. § 315(e)(2), and Defendants stipulated not to "pursue invalidity in litigation based on any *instituted* ground raised" in their IPR petitions. *See*, *e.g.*, *Box, Inc.*, IPR No. 2023-00427, Dkt. No. 3 at 6 (emphasis added). So, the IPR proceedings may limit the arguments at issue in this case.

Second, the stage of case here favors granting the stay. At the time the *Egnyte* defendant moved to stay, "nearly all of document-related fact discovery" already occurred, the proceeding was "on the cusp of the markman process proceeding to a hearing", and "at the defendant's invitation, [the court and parties] invest[ed] a significant amount of time in the early section 101 motions process." (Dkt. No. 128-6 at 52.) Here, Topia admits "discovery is only beginning." (Dkt. No. 128 at 7.) And, as explained above, Topia elected to restart the case with new contention exchange, so parties have yet to brief claim construction. The *Egnyte* Markman hearing is set for June 22, 2023; the Court has not set a *Markman* hearing date. *See Topia Technology, Inc.*, No. 21-CV-01821 CJB, Dkt. 24 (D. Del. May 12, 2022). And, as the district court there acknowledged, "typically if we were kind of pre markman, I might say that the status of the case favors the motion to stay." (Dkt. No. 128-6 at 52.)

14

In sum, *Egnyte* is not persuasive authority here because both judicial economy and the stage of proceedings here justify a stay.

## II.  Motion to Seal

There is a presumption of public access to judicial records and documents.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Courts generally apply a "compelling reasons" standard when considering motions to seal, recognizing that "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (cleaned up).  By contrast, a "good cause showing" under Federal Rule of Civil Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180.  Civil Local Rule 79-5 supplements these standards. *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020).

Apply the lower good cause standard here, Plaintiff's motion to seal is granted in part and denied in part as follows:

//
//
///
//
//
//
//
//

| Dkt. No.[8] | Provision | Disposition | Reasons |
|---|---|---|---|
| 127-4 | Entire Document | Sealable | 2018 email describing business decisions largely from 2008 and 2009. |
| 127-5 | Entire Document | Not Sealable | Contains no confidential information, merely states that confidential information is attached. |
| 127-6 | Entire Document | Sealable | Contains Plaintiff's specific business strategies as to how to sell against competitor products. |
| 127-3 | Page 5:24-25 | Sealable | Quoting 127-4 |
|  | Pages 5:26-6:1 | Sealable | (Same) |
|  | Page 6:2 | Not Sealable | Quoting 127-5 |
|  | Page 6:3 | Sealable | Quoting 127-6 |
|  | Page 6:4-5 | Sealable | (Same) |
|  | Page 6:6-7 | Sealable | Quoting 127-4 |
|  | Page 6:8 | Not Sealable | Merely the name of Topia's product |
|  | Page 6:9 | Not Sealable | Not a "business strategy" as stated in declaration. |
|  | Page 6:11 | Not Sealable | States that Dropbox is *not* included in sealed material. |
|  | Page 6:12 | Not Sealable | Public information |
|  | Page 6:22-25 | Sealable | Quoting 127-4 |
|  | Page 7:4 | Not Sealable | Public information |
|  | Page 8:3-4 | Not Sealable | Public information |
|  | Page 8:12-15 | Not Sealable | Public information |

Plaintiff is directed to file a partially unredacted version of its filings within fourteen days of this Order.

---

[8] The following docket numbers apply to case number 23-cv-62.  Plaintiff is directed to apply the same sealing principles in this order to the identical filings in case number 23-cv-63.

16

**CONCLUSION**

Because a stay will conserve resources, the Court will benefit from the PTAB's proceedings, the case is at an early stage, and a stay will not unduly prejudice Topia, the Court GRANTS Defendants' motion to stay until the PTAB's IPR institution decision in August 2023. The parties shall jointly submit a status update within one week of that decision. Further, in the event the PTAB denies institution on all patents, Defendants represent they will provide invalidity contentions within two weeks of the PTAB's decision.

**IT IS SO ORDERED.**

This Order disposes of Case No. 23-cv-62 Dkt. Nos. 122, 125, 127 and Case No. 23-cv-63 Dkt. Nos. 113, 119, 121.

Dated: May 12, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge